IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**LINDA LEE**                                                             **PLAINTIFF**

**v.**                                       **CAUSE NO. 1:23CV63-LG-RPM**

**CITY OF PASCAGOULA, JACKSON**
**COUNTY, MISSISSIPPI**                                   **DEFENDANT**

### MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**BEFORE THE COURT** is the [7] Motion for Summary Judgment filed by the City of Pascagoula, Mississippi. The City argues that Plaintiff Linda Lee is not the real party in interest in this lawsuit pursuant to Fed. R. Civ. P. 17(a). The parties have fully briefed the Motion.

Since Plaintiff alleged a takings claim, the Court entered an [13] Order directing the parties to provide supplemental briefs on the issue of subject matter jurisdiction. The parties complied, and they agree that the City of Pascagoula has reached a final decision concerning this matter, such that this Court has subject matter jurisdiction to consider Plaintiff's claims. *See Pakdel v. City & Cnty. Of San Francisco, Cal.*, 141 S. Ct. 2226, 2228, 210 L. Ed. 2d 617 (2021). The parties further agree that Plaintiff's claims are ripe for the Court's consideration, but the City reasserts its argument that she does not have standing to bring this lawsuit because she is not the real party in interest. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that the City's Motion for Summary Judgment should be denied.

## BACKGOUND

On December 7, 2021, the Pascagoula City Council determined that the Crown Inn, which is "located at 3500 14th Street (Property ID # 41703207.000), Pascagoula, Mississippi," was "a menace to public health, safety, and welfare." (Compl. at 2, ECF No. 1-1).  Plaintiff filed this lawsuit claiming ownership of the property and alleging that "there is a complete failure of evidence that this property constituted a public menace, within the meaning of that term, and there is a violation of the due process rights guaranteed by the 14th Amendment of the United States Constitution to the owners of the property [and] the right to be protected from an unlawful taking of property without due process of law without paying just compensation." (*Id.* at 3).  She also alleged violations of the Constitution of the State of Mississippi and Miss. Code Ann. § 21-19-11(1)(a).  The City now seeks summary judgment on the basis that Plaintiff was no longer the owner of the property when this lawsuit was filed and is therefore not the real party in interest.

## DISCUSSION

A motion for summary judgment may be filed by any party asserting that there is no genuine issue of material fact, and that the movant is entitled to prevail as a matter of law on any claim.  Fed. R. Civ. P. 56.  The movant bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Once the movant

carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *Id.* at 324-25. The non-movant may not rest upon mere allegations or denials in its pleadings but must set forth specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986). Factual controversies are resolved in favor of the non-moving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

"An action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). "A violation of this rule is a failure of 'prudential' standing." *Abraugh v. Altimus*, 26 F.4th 298, 304 (5th Cir. 2022). "The real party in interest is the person holding the substantive right sought to be enforced, and not necessarily the person who will ultimately benefit from the recovery." *Wieburg v. GTE Sw. Inc.*, 272 F.3d 302, 306 (5th Cir. 2001) (quoting *Farrell Constr. Co. v. Jefferson Parish, La.*, 896 F.2d 136, 140 (5th Cir. 1990)). The purpose of this provision "is to assure a defendant that a judgment will be final and that res judicata will protect it from having to twice defend an action, once against an ultimate beneficiary of a right and then against the actual holder of the substantive right." *Id.*

> The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

Fed. R. Civ. P. 17(a)(3).  According to the Advisory Committee's Notes, this provision was added "simply in the interests of justice" and "is intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made."  Fed. R. Civ. P. 17(a), Advisory Committee Notes, 1966 Amendment.

The parties agree that Plaintiff conveyed the property to James W. Lee, Jr., Inc., a Mississippi corporation, via Quit Claim Deed on December 7, 2021.  Plaintiff filed this lawsuit on February 10, 2023.  The Quit Claim Deed was filed in the Jackson County Clerk's Office on March 15, 2023.  James W. Lee, Jr., Inc., conveyed the property to Air Masters Mechanical, Inc., via Warranty Deed on March 16, 2023.  Since Plaintiff no longer owns the property, the City argues that she is not the real party in interest.

"The Court is unaware of any rule of law that prohibits a party from seeking damages relating to and incurred during the ownership of property solely because such ownership terminates prior to litigation."  *Clark v. Deutsche Bank Nat'l Tr. Co.*, No. 2:12cv231-KS-MTP, 2013 WL 3821568, at *3 (S.D. Miss. July 23, 2013) (citing *Keys v. Chicago Title Ins. Co.*, No. 3:11cv617, 2012 WL 4510471, at *3, 7 (S.D. Miss. Sept. 28, 2012) (rejecting the argument that the plaintiff lacked standing to bring a lawsuit against a title insurance company since the loss claim arose prior to the plaintiff conveying her interest in the property)).  Furthermore, Plaintiff argues that "[t]he damages which occurred to the property all occurred at a time when Linda Lee was in fact, the property owner, and for which she is not only

pursuing this claim, but that the actions of the City Council are now the subject of an appeal to the Mississippi Supreme Court." (Pl.'s Resp. at 2 ECF No. 9). She further asserts that she had entered into a contract to sell the property "on or before the end of business October 15, 2021, for the sum of $450,000." (*Id.*) The contract to sell the property was extended to November 1, 2021, via addendum. According to Plaintiff, the contract was terminated due to the City's actions.

The City replies that it cannot be held liable for the termination of the contract to sell the property because Plaintiff admits that the City did not know about the contract to sell the property. Since this argument was made for the first time in a reply, the Court will not consider the argument at this time.

While the City initially argued prudential standing under Fed. R. Civ. P. 17(a) in its Motion, it argued Article III standing for the first time in its Reply. *See Ensley v. Cody Res., Inc.*, 171 F.3d 315, 319-21 (5th Cir. 1999) (distinguishing between jurisdictional Article III standing and the prudential "real party in interest" requirement). Specifically, the City argued that Plaintiff does not have Article III standing due to her inability to prove a causal connection between her alleged injury and the City's actions. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (stating the elements of Article III standing: (1) injury in fact that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) a causal connection between the injury and the conduct complained of; and (3) redressability). In support of this assertion, the City claims that the

alleged contract to sell the property for $450,000 expired before the City's December 7, 2021, Resolution condemning the property.

While the City correctly notes that its Resolution was dated December 7, 2021, Plaintiff alleges in her Complaint that the City first acted earlier, on October 26, 2021, when Josh Church, the City's Building Official condemned the property by an October 26, 2021, Notice, and told the occupants of the property to vacate the property. (Compl. at 3, ECF No. 1-1). Plaintiff attached a copy of the October 26, 2021, Notice condemning the property as unfit for habitation to her Complaint. (Compl., Ex. A, ECF No. 1-1). As a result, there is evidence before the Court that a City Official condemned the property before Plaintiff's alleged contract to sell the property expired.

Plaintiff has alleged that a City Official's Notice condemning her property and evicting her tenants caused the termination of her agreement to sell the property for $450,000 to a third party. As a result, Plaintiff has Article III standing to pursue this lawsuit. Plaintiff is a real party in interest pursuant to Fed. R. Civ. P. 17(a)(1) because she is asserting that she suffered damages while she yet owned the property. Consequently, there remain material questions of fact that preclude judgment as a matter of law.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [7] Motion for Summary Judgment filed by the City of Pascagoula, Mississippi is **DENIED**.

-7-

**SO ORDERED AND ADJUDGED** this the 7th day of June, 2023.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE